## EVANS v. MASON.

ACTIONS. *Next friend. Who may act as such. And by what means procured.* It is legal for one who could have acted as next friend to employ and indemnify another to allow the use of his name as such, and the undertaking will be maintained.

### FROM JEFFERSON.

Appeal in error from the Circuit Court of Jefferson county. J. H. RANDOLPH, J.

FLETCHER and SWAN for Evans.

THORNBURGH, MCFARLAND and BARTON for Mason.

TURNEY, J., delivered the opinion of the court.

Leonidas Headrick defamed the reputation of M. M. Mason, daughter of defendant in error, aged between

fourteen and sixteen years, by charging her with criminal intercourse with William Evans, and gave as authority for his slanderous statement the name of Evans. The father approached Evans, who in positive terms declared his innocence, and urged the father to institute suit as next friend of the daughter against Headrick, saying that he, Evans, was entirely clear of the charge, and was desirous to vindicate himself in the community in which he lived. That if the father would sue, he (Evans) would pay a lawyer's fee, and any costs that might in the course of the cause be adjudged against the father.

Suit was accordingly brought and a recovery had. Costs of a continuance was adjudged against the next friend. Headrick proved to be insolvent, and the father had plaintiff's cost to pay. This suit is brought to recover fee and costs paid by Mason.

It is objected, the undertaking on the part of Evans falls within the statute of frauds and is void. We think not. There was at the time of the agreement no obligation resting upon Mason to sue, nor does it appear that he had a purpose to sue Headrick until suggested by Evans.

Evans could as rightfully in law have become the next friend of the girl as did the father. His contract was to all intents and purposes to act the part of a next friend, except in the use of his name; to avoid such use, he bargained and agreed to pay for the use of the father's, with a view to protect his own reputation, as well as that of the girl, and upon this contract the father created the debt; not for him-

self, but for Evans. There was no debt, default or miscarriage of Mason for which Evans undertook to answer. Mason simply permitted the use of his name in a suit of Evans' suggestion for his own protection. A reading of the record makes it clear that Mason approached Evans upon the subject of the slander, with a view to a suit against him (Evans), who seeing the purpose, declared his innocence and expressed a desire for investigation, that suspicion might be removed from him, and a willingness to prosecute Headrick at his own cost, if the father would permit the use of his name as next friend. If to induce Mason to sue as next friend, Evans had placed in his hands an amount of money sufficient to pay fees and costs, and at the end of the litigation Mason had so applied it, Evans would have been bound by the application, and could not have recovered the amount of Mason. If the deposit had been made, and pending the litigation Evans had repudiated his act, and attempted to take it out of the hands of Mason, he would have been repelled. There would have been nothing unlawful or contrary to public policy in such an arrangement. Then if Evans might lawfully have advanced the money to a next friend, who became so upon the condition of advancement, why may he not lawfully bind himself to pay at the end of the litigation?

The law requires that an infant must sue by next friend, but imposes upon no one the duty to act as such, but leaves it to the election of all persons *sui juris* to do so or not at their pleasure.

One of the objects of the rule is, that the court

may have before it some one responsible for costs. A stranger or kinsman may with equal right and propriety assume the role of next friend. If Evans could have acted as next friend, we can see no reason why he might not employ and indemnify another to allow the use of his name. As a general rule what a man may lawfully do by himself, he may also do through another.

To the objection of maintenance the same reasoning applies. Affirm the judgment.